# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARFAGNO, | Civil Action No. 08-cv-00912 |
| Plaintiff, | Judge Shira A. Scheindlin |
| v. | |
| SCHNITZER, et al., | |
| Defendants. | |

## WAIVER OF SERVICE OF SUMMONS

TO:   **Beth Kaswan, Counsel for Plaintiff**

I acknowledge receipt of your request that I waive service of a summons in the above-captioned action on behalf of defendants Marc D. Schnitzer, Leonard W. Cotton, Robert J. Dolan, Nathan Gantcher, Jerome Y. Halperin, Robert L. Loverd, Robert A. Meister, Janice Cook Roberts, Thomas W. White, and Centerline Holding Company (collectively, "Defendants"). I have received a copy of the complaint in the action and two copies of this Waiver of Service of Summons ("Waiver").

On behalf of each of the Defendants, I am authorized to waive service of the summons and complaint upon them in the manner prescribed by Fed. R. Civ. P. 4.

Each of the Defendants will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against each of the Defendants if an answer or motion under Rule 12 is not served upon you within 60 days after February 7, 2008, that is, by April 7, 2008.

Dated: February 13, 2008

_____
Joel S. Weiss
KATSKY KORINS LLP
605 Third Avenue
New York, NY 10158
Phone: (212) 716-3265
Fax: (212) 716-3266
Email: jweiss@katskykorins.com

*Attorney for Defendants Marc D. Schnitzer, Leonard W. Cotton, Robert J. Dolan, Nathan Gantcher, Jerome Y. Halperin, Robert L. Loverd, Robert A. Meister, Janice Cook Roberts, Thomas W. White, and Centerline Holding Company*

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.