UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CENTERLINE HOLDING COMPANY SECURITIES LITIGATION | 08-CV-00505-SAS |
| BRIAN QUILL, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTERLINE HOLDING CO., INC., *et al.*,<br><br>Defendants. | 08-CV-01902-SAS |
| JOHN CARFAGNO, derivatively on behalf of CENTERLINE HOLDING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MARC D. SCHNITZER, *et al.*,<br><br>Defendants. | 08-CV-00912-SAS |
| TONY BROY, derivatively and on behalf of Nominal Defendant CENTERLINE HOLDING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JEFF T. BLAU, *et al.*,<br><br>Defendants. | 08-CV-01971-SAS |

**RESPONSE OF DEFENDANTS TO MOTION TO CONSOLIDATE**

Defendants Centerline Holding Company, Stephen M. Ross, Jeff T. Blau and Marc D. Schnitzer (in the above actions); Robert L. Levy (in 08-CV-00505-SAS, 08-CV-01902-SAS and 08-CV-01971-SAS); Leonard W. Cotton (in 08-CV-01902-DAB, 08-

CV-00912-SAS and 08-CV-01971-SAS); Peter T. Allen (in 08-CV-01971-SAS); Robert J. Dolan and Robert A. Meister (each in 08-CV-00912-SAS); and Nathan Gantcher, Jerome Y. Halperin, Robert L. Loverd, Janice Cook Roberts and Thomas W. White (each in 08-CV-00912-SAS and 08-CV-01971-SAS) hereby respond to the Motion of certain proposed Lead Plaintiffs to consolidate the above actions.

## DEFENDANTS' POSITION

Defendants respectfully submit that *Brian Quill v. Centerline Holding Co., Inc., et al.*, 08-CV-01902-DAB ("*Quill*") should be consolidated for all purposes with *In re Centerline Holding Company Securities Litigation*, 08-CV-00505-SAS (the "*Securities Litigation*"), as both proceedings are putative class actions asserting claims under the federal securities laws based on closely related allegations. *John Carfagno v. Marc D. Schnitzer, et al.*, 08-CV-00912-SAS "*Carfagno*"), should be consolidated with *Tony Broy v. Jeff T. Blau, et al.*, 08-CV-01971-SAS ("*Broy*"), as both are putative derivative actions asserting claims under state law based on closely related allegations. The federal securities class actions and the derivative actions should not be formally consolidated with each other but should be coordinated for pre-trial purposes.

## BACKGROUND

On March 3, 2008, the Court entered a Stipulation and Order consolidating into the *Securities Litigation* a number of putative class actions asserting federal securities claims against Centerline Holding Company ("Centerline") and certain of its officers and directors. (Copy attached hereto as Exhibit A.) The consolidated cases arise out of Centerline's December 28, 2007 announcements that: (i) it had completed a transaction with Freddie Mac to securitize its tax-exempt mortgage revenue bond portfolio; (ii) the Related Companies would be purchasing, through an affiliate $131,250,000 in newly-

2

issued convertible preferred Centerline stock (the "Preferred Stock Offering"); and (iii) its annual dividend guidance policy would be reduced from $1.68 (its 2006 level) to $0.60.

Currently before the Court are a number of contending motions for appointment of Lead Plaintiff and approval of Lead Counsel in that consolidated litigation. One of those motions, that of Roslyn Goldenberg, Mitchell Goldenberg, Jane Goldenberg, Michael Goldenberg and Lisa Goldenberg (collectively, the "Goldenbergs"), also seeks consolidation of all of the cases captioned above.

Defendants take no position on the appointment of Lead Plaintiff and Lead Counsel at this time but reserve all of their rights to oppose class certification if and when it is sought, on any and all available grounds. For the present, Defendants address only the Goldenbergs' request for consolidation.

The Goldenbergs seek to consolidate with the *Securities Litigation* three additional cases: *Quill, Carfagno* and *Broy*. *Quill* is a putative class action asserting federal securities claims similar to those in the cases already consolidated, against largely the same defendants, and it should be consolidated into the *Securities Litigation*. *Carfagno* and *Broy*, are derivative actions that involve factual issues in common with the *Securities Litigation* and *Quill*. *Carfagno* and *Broy*, however, are also factually distinct. from the *Securities Litigation* and *Quill*

Defendants agree that the presence of substantial common factual issues does call for coordination between the two categories of cases for pre-trial purposes to avoid unnecessary duplication of effort. *Carfagno* and *Broy*, however, should not be formally consolidated with the *Securities Litigation* and *Quill*.

This court has broad discretion to manage its docket, including consolidation of cases, as appropriate. *See Garber* v. *Randell*, 477 F.2d 711, 714 (2d Cir. 1973). Set forth below is a practical proposal for the consolidation of these related cases into two consolidated actions and their further coordination.

## THE PROPOSED COORDINATION

In view of the foregoing, Defendants respectfully propose the following steps to coordinate the various cases captioned above:

1. *Quill* should be consolidated with the *Securities Litigation.*

2. *Carfagno* and *Broy* should be consolidated together as *In re Centerline Holding Company Derivative Litigation* (the "*Derivative Litigation*").

3. All papers served in either the *Securities Litigation* or the *Derivative Litigation* should be served on all parties in both.

4. Defendants should respond to the complaints in the *Derivative Litigation* on the same schedule as in the *Securities Litigation*, and the briefing on any motion to dismiss the *Derivative Litigation* should follow the same schedule as in the *Securities Litigation.*

5. In the event Defendants' motions to dismiss both cases are denied, discovery in both cases should proceed simultaneously and in a unified manner.

6.   Parties in both cases should receive notice of any deposition in either case and should be entitled to attend and cross-examine at all such depositions. Plaintiffs in both cases should collaborate on the identification of deposition witnesses and noticing of depositions to avoid confusion, duplicative requests and undue burden.

Dated April 4, 2008
New York, New York

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: _____Richard A. Rosen / E.K._____
Richard A. Rosen, Esq.
Daniel J. Leffell, Esq.
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-3000
Fax: 212-373-2359

*Attorneys for Marc. D. Schnitzer, Robert L. Levy, and Leonard W. Cotton, Peter T. Allen, Robert J. Dolan, Robert A. Meister, Nathan Gantcher, Jerome Y. Halperin, Robert L. Loverd, Janice Cook Roberts and Thomas W. White*

**REED SMITH LLP**

By: _____
Steven Cooper, Esq.
599 Lexington Avenue, 29th Floor
New York, NY 10022
Tel: 212-205-6027
Fax: 212-521-5450

6. Parties in both cases should receive notice of any deposition in either case and should be entitled to attend and cross-examine at all such depositions. Plaintiffs in both cases should collaborate on the identification of deposition witnesses and noticing of depositions to avoid confusion, duplicative requests and undue burden.

Dated April 4, 2008
New York, New York

        PAUL, WEISS, RIFKIND, WHARTON
        & GARRISON LLP

        By: _____
            Richard A. Rosen, Esq.
            Daniel J. Leffell, Esq.
            1285 Avenue of the Americas
            New York, NY 10019
            Tel: 212-373-3000
            Fax: 212-373-2359

*Attorneys for Marc. D. Schnitzer, Robert L. Levy, and Leonard W. Cotton, Peter T. Allen, Robert J. Dolan, Robert A. Meister, Nathan Gantcher, Jerome Y. Halperin, Robert L. Loverd, Janice Cook Roberts and Thomas W. White*

        REED SMITH LLP

        By: *[signature]* /SC
            Steven Cooper, Esq.
            599 Lexington Avenue, 29th Floor
            New York, NY 10022
            Tel: 212-205-6027
            Fax: 212-521-5450

        **REED SMITH SACHNOFF & WEAVER**
        Sarah R. Wolff, Esq.
        10 South Wacker Drive, 40th Floor
        Chicago, IL 60606-7507
        Tel: 312-207-1000
        Fax: 312-207-6400

*Attorneys for Defendants Stephen M. Ross*
*and Jeffrey T. Blau*


        **WOLFBLOCK, LLP**

By: ___*Jennifer F. Beltrami* / EK___
        Jennifer F. Beltrami, Esq.
        250 Park Avenue
        New York, NY 10177
        Tel: 212-883-4955
        Fax: 212-672-1155

*Attorneys for Centerline Holding Company*

AFFIDAVIT OF SERVICE BY FED EX

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Dytonia L Reed, being duly sworn, deposes and says:

1. I am not a party to this action, am over 18 years of age and am employed by Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019.

2. On April 4, 2008, I served a true copy of the foregoing: RESPONSE OF DENFENDANTS TO MOTION TO CONSOLIDATE on the following:

Steven Cooper
Reed Smith LLP
599 Lexington Avenue
29th Floor
New York, New York  10022

Sarah R. Wolff
Reed Smith LLP
10 South Wacker Drive
40th Floor
Chicago, IL  60606-7507

David E. Wilks
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE  19801

Christopher J. Keller
Andrei V. Rado
Alan I Ellman
Labaton Sucharow LLP
140 Broadway
New York, NY  10005

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd
Mineola, NY  11501

Richard A. Maniskas
D. Seamus Kaskela
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087

Curtis V. Trinko
Law Offices of Curtis v. Trinko, LLP
16 West 46th Street
7th Floor
New York, NY  10036

Samuel H. Rudman
David A. Rosenfeld
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road
Suite 200
Melville, NY  11747

Jeffrey S. Abraham
Abraham, Fruchter & Twersky, LLP
One Penn Plaza, Suite 2805
New York, NY  10119

Christopher J. Keller
Andrei V. Rado
Alan I Ellman
Labaton Sucharow LLP
140 Broadway
New York, NY  10005

3. I made such service by personally enclosing a true copy of the aforementioned document in a properly addressed prepaid wrapper and delivering it to a Federal Express office for Priority Overnight delivery.

_____
Dytonia L. Reed

Sworn to before me this
4th day of April, 2008

_____
Notary Public

**MARGUERITE A. KRISTOF**
Notary Public, State of New York
No. 01KR6120915
Qualified in New York County
Commission Expires January 3, 2009