UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

JOHN CARFAGNO, derivatively on behalf of : 08-cv-00912 (SAS)
CENTERLINE HOLDING COMPANY, : ECF Case
:
　　　　　　Plaintiff, :
:
　　　vs. :
:
MARC D. SCHNITZER, ET AL., :
:
　　　　　　Defendants. :
---------------------------------------------------------X

## [PROPOSED] SCHEDULING ORDER

Defendants Stephen M. Ross ("Ross"), Marc D. Schnitzer, Leonard W. Cotton, Jeffrey T. Blau ("Blau"), Robert J. Dolan, Robert A. Mesiter, Nathan Gantcher, Jerome Y. Halperin, Robert L. Loverd, Janice Cook Roberts, Thomas W. White and Nominal Defendant, Centerline Holding Company ("Centerline" or the "Company") (collectively "Defendants") hereby submit this proposed scheduling order pursuant to the Court's Order dated June 19, 2008:

1. The date of the status conference and appearance for the parties was April 15, 2008. At the status conference, the Court set a briefing schedule for the defendants' motion to dismiss. In June 2008, Defendants withdrew their motion to dismiss without prejudice.

2. Defendants filed their answers to the Consolidated Amended Verified Complaint on July 15, 2008.

3. This matter, as it now appears to Plaintiff, raises the following issues:

　　i. Whether demand for action by the directors is excused;

　　ii. Whether a class should be certified;

1

   iii. Whether Defendants have breached their fiduciary duties, wasted assets and/or were unjustly enriched;

   iv. Whether equitable relief is appropriate or a judgment for damages should be entered.

4. This matter, as it now appears to Defendants, raises the following issues:

   i. Whether a majority of directors are independent, without any personal financial stake in the challenged transactions, and are thus capable of considering any demand for action;

   ii. Whether Defendants had any duty to make disclosures of potential transactions prior to the time the final terms had been agreed to;

   iii. Whether Defendants had any duty to make decisions based on the investment preferences of individual shareholders, or whether their duties instead run to the corporation itself;

   iv. Whether Defendants' decisions were taken in good faith and constitute a good faith exercise of their business judgment

   v. Whether the corporation or the shareholders have suffered any compensable damages.

   vi. Depending on the outcome of related proceedings in the Chancery Court of the State of Delaware, whether some of Plaintiff's claims are barred as *res judicata*.

5. Plaintiff shall file his motion for class certification by July 31, 2008. Defendants shall file their opposition, if any, to Plaintiff's motion by August 29, 2008, and Plaintiff shall file his reply, if any, by September 19, 2008.

6. Discovery in this matter is proceeding. Nominal Defendant, Centerline, has produced approximately 77,000 pages of documents, and Defendants Ross and Blau have produced approximately 4,000 pages of documents. Documents have also been subpoenaed and produced, in part, by third parties Bear Stearns, Goldman Sachs and Morgan Stanley. Plaintiff Carfagno has noticed and taken the depositions of five individuals in connection with this litigation. Defendants will notice and take the deposition of Plaintiff Carfagno. Plaintiff also expects to serve additional document requests upon the Defendants and to take approximately eight additional depositions of fact witnesses.

7. Defendants shall provide their privilege log with respect to their initial production to Plaintiff by July 23, 2008.

8. Document discovery will be completed by August 25, 2008.

9. Fact discovery will be completed by October 3, 2008.

10. Plaintiff anticipates expert testimony on the following subjects: (a) whether the negotiation and sale of the convertible preferred stock to Related was performed in a commercially reasonable manner, and the agreed upon price and terms were "fair"; and (b) the amount of damages, if any.

11. Defendants anticipate expert testimony on the following subjects: (a) whether the transactions challenged in the Consolidated Amended Verified Complaint were fair to the

3

corporation and were the product of the exercise of good faith business judgments and (b) whether the corporation or shareholders sustained any compensable damages.

12. Plaintiff shall submit his expert report(s) by October 20, 2008 and Defendants shall submit their expert report(s) by November 10, 2008. Expert depositions shall be completed by November 25, 2008.

13. Any dispositive and/or *Daubert* motions shall be filed no later than December 16, 2008. The opposition to the motion(s) shall be filed by January 9, 2009 and replies, if any, shall be filed by January 16, 2009.

14. Plaintiff shall supply his pre-trial order matters to Defendants thirty days after the adjudication of any dispositive motions. The parties will submit a pre-trial order in a form conforming with the Court's instructions together with the trial briefs three weeks following submission to Defendants of Plaintiff's pre-trial order matters.

15. Subject to the Court's determination, the final pre-trial conference pursuant to Fed. R. Civ. P. 16(d) shall be set for _Dec. 2 at 4:30_.

16. This Court previously entered a protective order on April 16, 2008.

17. The parties anticipate a 10-day jury trial.

18. This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

Dated: July 21, 2008

SO ORDERED:

_____
The Honorable Shira A. Scheindlin
U.S. District Judge

4