UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
JOHN CARFAGNO, derivatively on behalf of :
CENTERLINE HOLDING COMPANY, :
:
        Plaintiff, :
:
           vs. :      08 Civ. 912 (SAS)
:
MARC D. SCHNITZER, et al., :
:
        Defendants. :
------------------------------------------------------- X

[PROPOSED] **ORDER AND FINAL JUDGMENT**

       The above-captioned matter, having come before this Court for hearing, as noticed, on May 18, 2009, at 5:00 p.m., pursuant to this Court's Order dated April 17, 2009 approving the form of notice and setting the date for the hearing on the fairness of the settlement (the "Notice Order"); and due and sufficient notice having been given in accordance with the provisions of the Notice Order, and all Persons having any objection to the proposed Settlement of the Action embodied in the Stipulation of Settlement, dated April 8, 2009 (the "Stipulation"), or to the payment to Plaintiffs counsel of attorneys' fees and for the reimbursement of expenses in this Action, having been given an opportunity to present such objections to the Court; the Court having heard and considered the matter, including all papers filed in connection therewith, and the attorneys for the parties having been heard in support of the Settlement of the Action, and an opportunity to be heard having been given to all other persons desiring to be heard, as provided in the Notice, and good cause appearing therefore; THE COURT HEREBY FINDS, DETERMINES AND ORDERS AS FOLLOWS:

       1.    This Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

       2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Stipulation.

1

3. Based on evidence submitted, the Court finds that notice was disseminated and published according to this Court's Notice Order. This Court further finds that the form and content of the Shareholder Notice and the Summary Notice, as previously preliminarily approved by the Court, complied with the requirements of Federal Rule of Civil Procedure 23.1, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

4. A full opportunity has been offered to Shareholders to object to the proposed Settlement and to participate in the hearing thereon, and as such, all Centerline Shareholders are bound by this Order.

5. The Settlement is found to be fair, reasonable, adequate and in the best interests of Centerline and Centerline Shareholders.

6. The Court finds, for settlement purposes, that (1) the action was properly brought as a shareholder derivative suit pursuant to Federal Rule of Civil Procedure 23.1; and (2) the Plaintiff adequately represents the interests of the Shareholders in enforcing the rights of Centerline.

7. The Stipulation and the terms of the proposed Settlement set forth therein are, in all respects, hereby finally approved. The parties to the Stipulation are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Action and all claims contained therein, as well as all Released Claims, are hereby dismissed with prejudice in their entirety, on the merits, as against all Released Parties. Each party shall bear its own fees and costs, except as set forth herein.

9. Upon the Effective Date, Plaintiff, Centerline and all current and former Shareholders, on behalf of themselves, and their respective current, future and former heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of this Judgment shall: (i) have fully, finally and forever released, relinquished, settled and discharged the Released Parties from all

the Released Claims; and (ii) be forever barred and enjoined from commencing, instituting, prosecuting, continuing, or in any way participating in the commencement or prosecution of any action asserting, any of the Released Claims against any of the Released Parties.

10.     Upon the Effective Date, each of the Defendants and the Released Parties, on behalf of themselves and their respective current, future and former heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Plaintiff and Plaintiffs Counsel from all claims or demands relating to or arising out of, or connected with, the institution, prosecution, assertion, settlement, or resolution of the Released Claims.

11.     Plaintiff's Counsel in the action are hereby awarded attorneys' fees and reimbursement of litigation expenses of $1,300,000, inclusive. This Court finds that this amount is fair and reasonable under the facts and circumstances of this case. Payment of such award of attorneys' fees and reimbursement of expenses shall be made in accordance with the provisions of the Stipulation.

12.     Without in any way affecting the finality of this Order and Final Judgment, this Court shall retain jurisdiction over the Plaintiff, Defendants, Centerline, the Shareholders and the Released Parties with respect to all matters related to the Action and over all proceedings related to the implementation and enforcement of the terms of the Stipulation.

13.     Neither the Settlement, nor this Order and Final Judgment, nor the Stipulation, nor its exhibits, nor any other papers relating to the Settlement, nor any negotiations, discussions or proceedings in connection therewith shall be:

(a)     offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be, evidence of any presumption, concession, or admission by any of the Released Parties of the truth of any fact alleged by the Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any other proceeding, or the

3

deficiency of any defense that could have been asserted in the Action or in any other proceeding, or of any alleged liability, negligence, fault, or wrongdoing of the Released Parties;

(b)     in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in the Action, any other action, or any judicial, administrative, regulatory or other proceeding, except a proceeding to enforce the Stipulation, and except that the Defendants or Centerline or any of the Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(c)     construed against any of the Released Parties or the Plaintiff as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(d)     construed as or received in evidence as an admission, concession or presumption against the Plaintiff or his counsel or any of them that any of the claims asserted in the Action are without merit or that any infirmity exists as to those claims.

14.     This Settlement shall be a final and complete resolution of all disputes among the parties. No party to the Stipulation may assert in any forum that the Action was brought, commenced or prosecuted by the Plaintiff or his counsel in bad faith or that the Action was not filed or raised in good faith or was not settled voluntarily after negotiating at arm's length and in good faith after consultation with competent legal counsel. The Court finds that there have been no violations of Rule 11 of the Federal Rules of Civil Procedure by any party to the Stipulation or their counsel relating to the prosecution, defense, or settlement of the Action.

15.     All Persons are hereby permanently barred and enjoined from commencing, prosecuting, or asserting any claim for contribution (whether contractual or otherwise) against the Released Parties or any other claim against the Released Parties where the injury to such Person is any Person's actual or threatened liability, in connection with the Released Claims, to

4

Centerline or to any Shareholder on behalf of Centerline, including but not limited to any amounts paid in settlement of such actual or threatened liability.

16. Entry of the Order and Final Judgment fully and finally settles and disposes of and discharges all of the Released Claims. The Order and Final Judgment shall become effective immediately upon the Clerk of the Court of the Southern District of New York being furnished with notice that Delaware Chancery Court has dismissed with prejudice the actions *Off v. Ross, et al.*, Civ. A. No. 3468-VCP (Del. Ch.) and *Ciszerk v. Ross*, Civ. A. No. 3511-VCP (Del. Ch.) and that the orders of dismissal of the *Off v. Ross* and *Ciszerk v. Ross* actions are final. If for any reason the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void, of no further force or effect, and shall be vacated *nunc pro tune*. The parties shall then each be deemed to have reverted to their respective status in the Action on March 9, 2009, and the Court shall enter an order setting forth a new schedule for discovery, and other such deadlines as are appropriate.

17. The provisions of this Order and Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Clerk is hereby directed to enter Judgment in accordance with this Order and Final Judgment as a final Judgment with respect to all matters ordered, judged and decreed.

18. Without further order of the Court, the parties to the Stipulation may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

Dated: May 18, 2009

SHIRA A. SCHEINDLIN, U.S.D.J.